IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARCIA MATHIS and RICHARD MATHIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:22-cv-817-SDJ-KPJ |
| STATE FARM LLOYDS, | § § § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiffs Marcia Mathis and Richard Mathis's ("Plaintiffs") Motion for Leave to File Third Amended Complaint (the "Motion for Leave") (Dkt. 28). Defendant State Farm Lloyds ("Defendant") filed a response in opposition. *See* Dkt. 29. For the reasons that follow, the Court finds the Motion for Leave (Dkt. 28) is **GRANTED**.

### I. BACKGROUND

On September 23, 2022, the case was removed to this Court by Defendant. *See* Dkt. 1. On November 15, 2022, U.S. District Court Judge Sean D. Jordan ordered Defendant to file an amended notice of removal that alleges facts sufficient to invoke the Court's diversity jurisdiction on or before November 21, 2022. *See* Dkt. 8. On November 16, 2022, Defendant filed an amended notice of removal. *See* Dkt. 9. On November 21, 2022, the case was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule CV-72. *See* Dkt. 10. On November 22, 2022, the Court entered an Order Governing Proceedings (Dkt. 11), which set the Rule 16 Management Conference for January 19, 2023. *See id.*

On January 5, 2023, the Court entered an Order and Advisory (Dkt. 13) ordering the parties to replead as necessary to comply with the Federal Rules of Civil Procedure and the Court's Local

Rules. *See id.* at 1. The Court provided Plaintiffs thirty (30) days from the date of the Court's Order and Advisory to file an amended complaint, and Defendant twenty (20) days to file an amended answer from receipt of the amended complaint. *See id.* On January 19, 2023, the Court held the Rule 16 Management Conference, *see* Dkt. 15, and entered the Scheduling Order (Dkt. 16) providing in relevant part that Plaintiffs had until April 13, 2023 to file an amended pleading with a motion for leave to amend being required, *see* Dkt. 16 at 1.

On February 1, 2023, Plaintiffs filed an amended complaint (the "First Amended Complaint") (Dkt. 18). On February 20, 2023, Defendant filed a motion to dismiss (the "First Motion to Dismiss") (Dkt. 19). On February 23, 2023, Plaintiffs filed a second amended complaint (the "Second Amended Complaint") (Dkt. 21). On March 9, 2023, Defendant filed an amended motion to dismiss (the "Second Motion to Dismiss") (Dkt. 23). On March 22, 2023, Plaintiffs filed a third amended complaint (the "Third Amended Complaint") (Dkt. 24). On the same day, Plaintiffs filed a response to the Second Motion to Dismiss (Dkt. 23), contending the Second Motion to Dismiss was "now moot and should be denied on that basis, as Plaintiffs have now amended their live pleading (Third Amended Complaint) to comply with pleading rules of this Court." Dkt. 25 at 2. On March 29, 2023, Defendant filed a reply asserting that Plaintiffs have impermissibly amended their pleading for a third time and Plaintiffs have not offered any explanation in support of their right to amend for a third time. *See* Dkt. 27 at 2. Defendant further requests the Court not deny the Second Motion to Dismiss (Dkt. 23) as moot and, even if Plaintiffs' Third Amended Complaint (Dkt. 24) is deemed the live pleading in this matter, Defendant argues it "*is still* insufficient to support a plausible claim for relief for Plaintiffs' extra-contractual claims." Dkt. 27 at 2 (emphasis in original).

2

On March 29, 2023, Plaintiffs filed the Motion for Leave (Dkt. 28), wherein Plaintiffs assert, "Plaintiffs are not guilty of undue delay or bad faith. Plaintiffs diligently moved to amend as soon as it became apparent that the amendment was necessary. Additionally, Defendant will not be prejudiced by the filing of the amended pleading." *Id.* at 2. Plaintiffs attach their earlier filed Third Amended Complaint (Dkt. 28-1). On April 11, 2023, Defendant filed a response in opposition to the Motion for Leave (Dkt. 28). *See* Dkt. 29. Defendant argues "there is simply no basis for the Court to allow Plaintiffs' untimely amendment, and [Defendant] asks the Court to strike it. Plaintiffs offer no explanation for why they should be permitted a third attempt to comply with the federal pleading standards or what 'new' information has come to light that they could not have included in their first or second amended 'petition.'" *Id.* at 2 (citing *In re Am. Int'l. Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012)). Defendant further asserts, "Plaintiffs should not be permitted to simply continuously amend their pleading in response to motions to dismiss." *Id.* Defendant finally argues "Plaintiffs' Third Amended Complaint ***is still*** insufficient to support a plausible claim for relief for Plaintiffs' extra-contractual claims." *Id.* (emphasis in original).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of course if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* FED. R. CIV. P. 15(a)(1)(B). Federal Rule of Civil Procedure 15(a)(2) further provides "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

3

"Although Rule 15 evinces a bias in favor of granting leave to amend, it is not automatic." *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (internal quotations and citations omitted). Accordingly, "a decision to grant leave is within the discretion of the trial court," but this discretion "is not broad enough to permit denial if the court lacks a substantial reason to do so." *Id.* (citing *Louisiana v. Litton Mortg. Co.*, 50 F.3d 1298, 1302–03 (5th Cir. 1995)). "In deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* at 314–15 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). As such, "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

Furthermore, as a scheduling order has been entered in this case, Federal Rule of Civil Procedure 16 must also be considered. *See Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 420 (5th Cir. 2013) (per curiam) ("When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings."); *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

### III.   ANALYSIS

Defendant does not disagree that the First Motion to Dismiss (Dkt. 19) is now moot. *See* Dkt. 29 at 1. Thus, the Court turns to the central debate—whether the Federal Rules of Civil Procedure favor or disfavor Plaintiffs being allowed to file the Third Amended Complaint (Dkt. 24). The Court finds Plaintiffs should be given leave to file the Third Amended Complaint (Dkt. 24).

In the Motion for Leave (Dkt. 28), Plaintiffs briefly state they "are not guilty of undue delay or bad faith" and have "diligently moved to amend as soon as it became apparent that the amendment was necessary." *Id.* at 2. Plaintiffs' only other argument is that "Defendant will not be prejudiced by the filing of the amended pleading." *Id.* In response, Defendant asserts "there is simply no basis for the Court to allow Plaintiffs' untimely amendment" because "Plaintiffs offer no explanation for why they should be permitted a third attempt to comply with the federal pleading standards or what 'new' information has come to light" that they could not have included in their earlier complaints. Dkt. 29 at 2.

As a preliminary matter, while a Scheduling Order (Dkt. 16) has been entered, only Rule 15's "freely given" standard applies rather than Rule 16's "good cause" standard. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." FED R. CIV. P. 16(b). However, "Rule 16(b) governs amendment of pleadings *after* a scheduling order deadline has expired." *S&W Enters.*, 315 F.3d at 536 (emphasis added); *accord Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)) (same). In the present case, the Motion for Leave (Dkt. 28) was filed on March 29, 2023—approximately two weeks before the Scheduling Order deadline for Plaintiffs' amended pleadings. *See* Dkt. 16. Accordingly, as the Scheduling Order deadline had not yet expired prior to Plaintiffs' filing the Motion for Leave (Dkt. 28), the "freely given" standard of Rule 15(a) applies.

Turning to the Rule 15 factors, the Court finds that as applied here, they favor granting leave to amend. It is true that Plaintiffs offer little explanation or argument as to why the Motion for Leave (Dkt. 28) should be granted. But there is no suggestion that there has been undue delay in filing the Motion for Leave (Dkt. 28) nor does Defendant assert as much. As discussed above,

5

the Motion for Leave (Dkt. 28) was filed before the Scheduling Order (Dkt. 16) deadline expired and the Fifth Circuit has long made clear that "[a]mendment can be appropriate as late as trial or even after trial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981); *accord Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) ("Although it is generally true that leave to file amendments should be freely given, amendments should be tendered no later than the time of pretrial, unless compelling reasons why this could not have been done are presented.") (internal quotations omitted).

Defendant further does not assert there has been bad faith or dilatory motive. *See generally* Dkt. 29. Rather, Defendant takes issue with Plaintiffs' "habitual pleading inadequacies" and asserts Plaintiffs' amendment will be futile. *Id.* at 2. Plaintiffs have amended their complaints three times, and two such amendments appear to be in response to the First and Second Motions to Dismiss (Dkts. 19, 23). It appears Plaintiffs have also misunderstood the Federal Rules of Civil Procedure and the requirement that a motion for leave is required to file the Third Amended Complaint (Dkt. 24). But it does not appear Defendant will suffer any undue prejudice from Plaintiffs being granted leave to amend nor does Defendant argue they will suffer undue prejudice. *See Smith*, 393 F.3d at 596 ("A defendant is prejudiced if an added claim would require the defendant 'to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court.'" (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999))); *cf. U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016) (holding it was not error to find potential prejudice when "the parties would have been forced to 're-urge the same arguments' presented in previous dispositive motions, which could have delayed set deadlines related to the sole remaining claim in the case."). Defendant has already asserted that the Third Amended Complaint (Dkt. 24) "*is still* insufficient to support a plausible claim for relief for Plaintiffs' extra-

contractual claims." Dkt. 29 at 2 (emphasis in original). This case remains largely in its infancy and Defendant appears prepared to raise arguments regarding dismissal of the extra-contractual claims within the Third Amended Complaint (Dkt. 24).

Furthermore, while Defendant argues that amendment is futile due to inadequacies that remain in the Third Amended Complaint (Dkt. 24), "the issue of futility . . . is better addressed 'in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.'" *Ware v. Bank of Am., Nat'l Ass'n*, No. 3:21-CV-2824-M-BH, 2022 WL 2359641, at *1 (N.D. Tex. June 30, 2022) (quoting *Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011)); *see also Caytrans Project Servs. Ams., Ltd. v. BBC Chartering & Logistic GmbH & Co. KG*, No. CV 20-414, 2020 WL 13669124, at *2 (E.D. La. July 17, 2020) ("Simply because there is a close connection between this motion for leave and the pending Rule 12(b)(6) motion to dismiss, however, does not counsel in favor of denial of leave in this case. Further, [the district court] will address the substantive Rule 12(b)(6) arguments in ruling on that motion. Defendants are also free to renew their Rule 12(b)(6) motion in response to the Third Amended Complaint, if necessary.") (citations omitted).

Accordingly, the Court finds at this juncture, it is proper to grant Plaintiffs leave to amend. *See GEICO Marine Ins. Co. v. Keating*, No. 420CV00566SDJCAN, 2021 WL 2827492, at *2 (E.D. Tex. May 11, 2021) ("Permitting amendment at this juncture will permit the Court to move forward with consideration of the underlying merits, which is in all [the parties'] best interests." (citing FED. R. CIV. P. 1)); *Foster v. Daon Corp.*, 713 F.2d 148, 152 (5th Cir. 1983) ("[Rule 15(a)'s] purpose is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves.") (internal quotations omitted).

It must be emphasized that Plaintiffs are now subject to the more stringent "good cause" standard of Rule 16. If Plaintiffs seek any further amendments, the burden *will be on Plaintiffs* to show good cause to amend the Scheduling Order (Dkt. 16). Vague statements will not suffice.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Leave (Dkt. 28) is **GRANTED** and Plaintiffs' Third Amended Complaint (Dkt. 24) is the live pleading in this matter. Accordingly, the Court will only consider pleadings as to the Third Amended Complaint (Dkt. 24).

**IT IS FURTHER ORDERED** that the First Motion to Dismiss (Dkt. 19) and Second Motion to Dismiss (Dkt. 23) are **DENIED AS MOOT**. Defendant shall have fourteen (14) days to file a responsive pleading, if any, to the Third Amended Complaint (Dkt. 24).

**So ORDERED and SIGNED this 18th day of May, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE